[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE
In this matter the plaintiff, Ciancola Motors, initially sued the defendant, Donna Logan ("Logan") for $471.95 in small claims court. Logan then transferred the matter to the regular docket of the Superior Court, pursuant to Practice Book Section 21-24. Thereafter, Logan filed an answer and three count counterclaim. The counterclaim alleges: 1) breach of contract; 2) violation of the Connecticut Unfair Trade Practices Act, § 42-110a et seq. of the General Statutes ("CUTPA") and; 3) unfair an unscrupulous practices. Ciancola Motors has moved to strike the second and third counts of the counterclaim. As to the second count of the counterclaim, Ciancola Motors asserts that since this is a simple breach of contract case, it does not amount to a CUTPA violation. As to the third count of the counterclaim, Ciancola Motors claims that there is no cause of action in Connecticut for "unfair and unscrupulous practices."
The dispute between the parties concerns an engine replacement that Ciancola motors did on Logan's automobile. Specifically, Ciancola Motors seeks payment of the balance due for replacing the engine in Logan's car with a used engine. Logan claims that Ciancola agreed to replace the engine in her car with a rebuilt engine as opposed to a used engine and therefore CT Page 3099 breached the contract. It should be noted that the work order attached to the small claims complaint clearly indicates that a used engine was installed.
The prevailing view in Connecticut is that a simple breach of contract claim does not amount to a violation of CUTPA. EmleeEquipment Leasing Corp. v. Waterbury Transmission. Inc.,41 Conn. Sup. 575, 580 (1991). To recover under CUTPA, a claimant must show substantial aggravating circumstances, Bartolomeo v. S.B.Thomas, Inc., 889 F.2d 530, 535 (4th Cir. 1989).
This case turns on whether a "used" or "rebuilt" engine was installed in Logan's car. There is no claim that Ciancola Motors misrepresented the engine as rebuilt when in fact it was used. Indeed as noted above, the paperwork for the repair job describes the engine as "used." Compare, CNF Contractors Inc. v. CulliganWater Conditioning Co., 1993 WL 360671 (September 9, 1993, Blue J.) (misrepresentations and the use of used materials in the guise of new ones provided aggravating circumstances to support a CUTPA claim.) Under these circumstances, Logan has failed to plead the requisite aggravating circumstances necessary to bring the case within the reach of CUTPA.
With respect to the third count of the counterclaim, Logan has provided no authority to support an independent cause of action for "unfair and unscrupulous practices."
For the reasons set forth above, Ciancola Motor's motion to strike the second and third counts of the counterclaim is granted.
So Ordered at New Haven, Connecticut this 10th day of March, 1999.
Devlin, J.